**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE SEQUOIAS-SAN FRANCISCO, | No. 10-15920 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05279-WHA |
| v. | |
| SEIU, UNITED HEALTHCARE WORKERS-WEST, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted June 17, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and BEA, Circuit Judges.

The Sequoias, a continuing care retirement community, seeks review of the

district court's affirmance of the arbitrator's decision. The arbitrator concluded

that the request for arbitration by the Service Employees International Union

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

("Union"), regarding the termination of an employee, was timely under the parties' collective bargaining agreement ("CBA").  For the reasons that follow, we affirm the judgment of the district court.[1]

A district court's grant of summary judgment confirming an arbitration award is reviewed de novo.  Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996).  Our review of an arbitration award "is both limited and highly deferential."  Id.  We must uphold an arbitrator's award if "it draws its essence from the collective bargaining agreement."  United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960).  "Arbitration awards are upheld so long as they represent a plausible interpretation of the contract.  A reviewing court is bound--under all except the most limited circumstances--to defer to the decision of [the arbitrator], even if . . . that . . . decision finds the facts and states the law erroneously."  SFIC Props., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, 103 F.3d 923, 924-25 (9th Cir. 1996) (alterations in original) (internal quotation marks and citations omitted).

---

[1]  Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

We believe the arbitrator's decision drew its essence from the CBA and therefore should be upheld. Indeed, a textual approach to understanding the CBA favors the arbitrator's conclusions. The structure and language of Section 23 of the CBA indicate a multiple step procedure for processing grievances, requiring managerial reviews before arbitration. Section 23(d) does not require arbitration, noting that the "dispute may be submitted by either or both parties to arbitration." ER 82 (emphasis added). Nevertheless, a request for arbitration can be made only if the managerial reviews are ineffective in reaching a settlement of the grievance. Id. Thus, the structure and language of Section 23 manifest an intent by the parties that arbitration be the last step in processing a grievance. Logically and practically, the request for arbitration could have been made only when that step became a distinct possibility, that is, when the managerial reviews failed to reach resolution of the dispute.

To the extent that the sixty-day requirement in Section 23(d) of the CBA creates any ambiguity, the arbitrator properly looked to the custom and practice of the industry. See United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581-82 (1960) ("The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law--the practices of the industry and the shop--is equally a part of the collective bargaining

3

agreement although not expressed in it."); see also Enter. Wheel & Car Corp., 363 U.S. at 597 ("When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem." (emphasis added)). The arbitrator determined that the parties, when negotiating the CBA, anticipated "that it would only take 60 days to complete the two levels of managerial review that are [prerequisites] to arbitration." ER 194. That is, under the parties' expectations, grievances would reach the arbitration stage quickly, permitting the request for arbitration to occur within a sixty-day deadline. The arbitrator found that The Sequoias "did not complete its own obligations under [Section] 23(c) in time to allow the process to be completed within the 60-day period contemplated by the contract." ER 196.

The Sequoias correctly points out that Section 23(f) of the CBA requires all extensions of time to deadlines in Section 23 be in writing. Yet, although Section 26 of the CBA requires amendments and alterations to be in writing, it does not require a waiver to be in writing. Based on the CBA and the facts in this case, the arbitrator was on solid ground in concluding that The Sequoias' actions constituted a waiver of the writing requirement and that The Sequoias "waived its right to enforce the 60-day time limit for taking the case to arbitration." ER 196.

Contrary to The Sequoias' assertion, the arbitrator did not resort to her "own brand of industrial justice," Enter. Wheel & Car Corp., 363 U.S. at 597. Rather, the arbitrator relied on the custom and practice of the industry to adjudicate a situation unanticipated by the CBA: when the prerequisites to arbitration, the managerial reviews, are not completed within the sixty-day deadline. See Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, 886 F.2d 1200, 1205 (9th Cir. 1989) (en banc) ("The labor arbitrator is the person the parties designate to fill in the gaps . . . . He is the parties' . . . joint alter ego for the purpose of striking whatever supplementary bargain is necessary to handle matters omitted from the agreement." (emphasis in original) (internal quotation marks omitted)). The arbitrator's interpretation, far from ignoring the language of the CBA, drew its essence from the CBA and made the grievance procedure work in a situation unanticipated by the parties. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**